and whether he is a fugitive from justice. The first is a question of law and the latter is a question of fact, which the governor, upon whom the demand is made, must decide upon such evidence as is satisfactory to him. Strict common-law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated, but it must at least be evidence which is satisfactory to the mind of the governor. *Roberts v. Reilly*, 116 U.S. 80, 95. The person demanded has no constitutional right to be heard before the governor on either question, and the statute provides for none. To hold otherwise would, in many cases, render the constitutional provision, as well as the statute passed to carry it out, wholly useless."

See also, *Lee Won Sing v. Cottone* (D.C. Cir. 1941), 123 F.2d 169; *Horne v. Wilson* (E.D. Tenn. 1969), 306 F.Supp. 753.

For these reasons, the order quashing the writ of habeas corpus is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY BYRD, Defendant-Appellant.

(No. 60078;

First District (3rd Division)—March 20, 1975.

Opinion by Mr. JUSTICE DEMPSEY.

Walter La Von Pride, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Michael J. Polelle, and Rick Petrone, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ALFONSO SPEIGHTS *et al.,* Defendants-Appellees.

(Nos. 60376-7 cons.;

First District (3rd Division)—March 20, 1975.